IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GALLO,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. 12:-cv-1322  AWI<br><br>(No. 1:10-cr-210  AWI)<br><br>ORDER ON PETITIONER'S "MOTION FOR TIME REDUCTION BY AN INMATE IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255"<br><br>(Crim. Doc. No. 86) |

      Pursuant to a plea agreement, on January 9, 2012, Petitioner pled guilty to one count of conspiracy to manufacture and distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846.  See Crim. Doc. Nos. 66, 67.  Petitioner was sentenced to 70 months of confinement on March 19, 2012, and Judgment and commitment were entered on March 22, 2012.  See id. at Doc. Nos. 73, 74.  Petitioner is currently imprisoned at R.C.D.C. III in Pecos, Texas.  Petitioner filed this petition, which he styles as a "Motion for Time Reduction" under 28 U.S.C. § 2255, on August 13, 2012.  See id. at Doc. No. 96.

      Petitioner claims that his First, Sixth, Seventh, and Fourteenth Amendment rights will be violated if he is not permitted to participate in a drug treatment program (which results in a one year sentence reduction) or be sent to a half-way house as authorized by 18 U.S.C. § 3583.  Petitioner claims that his rights will be violated because, as an illegal alien, he is not permitted to participate in these programs, yet United States citizens are permitted to participate.

      District Judge Mueller, of the Sacramento Division of this Court, recently dealt with an identical petition.  In disposing of that petition, Judge Mueller reasoned:

Movant alleges that because he is an illegal alien, he is not entitled to a one year reduction in his sentence for participation in a drug treatment program and not eligible for early release to a half-way house under 18 U.S.C. § 3583(d).

Because the claims challenge the execution rather than the imposition of movant's sentence, it appears they should be brought as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and so must be brought in the district of petitioner's incarceration. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008) (petitioner challenging execution of sentence must be brought in custodial court); Jimenez v. United States, 2007 U.S. Dist. LEXIS 75023, 2007 WL 2948673, at *1 (S.D. Ohio Oct. 9, 2007) (equal protection challenges by alien to ineligibility for drug treatment and halfway house placement must be brought in district of confinement). To the extent, however, that movant is seeking a sentence reduction because of the ineligibility he alleges, the challenge is without merit: courts have upheld these exclusions, finding it rational that the Bureau of Prisons reserves its rehabilitative programs for inmates who will be released back into the United States rather than deported. See United States v. Leyva Perea, 2010 U.S. Dist. LEXIS 52634, 2010 WL 2179729, at *1 (S.D. Cal. May 27, 2010) (alien's ineligibility to participate in drug treatment did not violate due process); Lizarraga-Lopez v. United States, 89 F.Supp. 2d 1166, 1169-70 (S.D. Cal. 2000) (alien's ineligibility for community confinement did not violate equal protection). United States v. Madrigal-Madrigal, 2012 U.S. Dist. LEXIS 42227, *1-*2 (E.D. Cal. Mar. 26, 2012); see also Gomez v. United States, 2007 U.S. Dist. LEXIS 83621, *8-*11 & n.4 (W.D. N.C. October 31, 2007).

The Court agrees with Judge Mueller's analysis in *Madrigal-Madrigal*. Relief is not appropriate because Petitioner's claims have been consistently rejected as meritless, and Petitioner did not file this petition in the district of his confinement.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's petition is DENIED and the Clerk shall CLOSE this matter (both civil and criminal dockets) in its entirety.

IT IS SO ORDERED.

Dated:  August 31, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE